**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6088

MILLANYO WOODY,

        Petitioner - Appellant,

v.

NANCE, Warden,

        Respondent - Appellee.

Appeal from the United States District Court for the United States District Court for the District of South Carolina, at Charleston. Sherri A. Lydon, District Judge. (2:19-cv-00785-SAL)

Argued: March 21, 2024

Decided: July 17, 2024

Before GREGORY, WYNN, and THACKER, Circuit Judges.

Vacated and remanded by published opinion. Judge Gregory wrote the opinion, in which Judge Wynn and Judge Thacker joined.

**ARGUED:** Margaret Kruzner, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Julianna Battenfield, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee. **ON BRIEF:** Richard B. Katskee, Luke Mears, Matthew S. Queen, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Alan Wilson, Attorney General, Donald J. Zelenka, Deputy Attorney General, Melody J. Brown, Senior Assistant Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.

GREGORY, Circuit Judge:

Millanyo Woody has been pursuing habeas relief for nine years. In 2020, the district court denied his ineffective assistance of counsel claim. It held that although Woody's counsel's performance fell below an objective standard of reasonableness, counsel's performance did not prejudice Woody. The district court mailed Woody a certificate of appealability, allowing him to appeal to this Court. From there, many of the facts are unclear. We do not know whether Woody received timely notice of the certificate of appealability. We do not know whether Woody filed two more letters, one with this Court and one with the district court; his other filings say that he did, but those letters do not appear on the docket. Without answers to those questions, we do not know whether Woody should have been allowed to appeal the merits of his habeas petition to this Court.

We are left with the concern that something may have gone awry here. For that reason, we vacate the district court's denial of Woody's motion to reopen the appeal period and remand with instructions to conduct factfinding on the exact date that Woody received the certificate of appealability. If the court finds that Woody did not timely receive notice, it should then consider whether he has satisfied the other requirements for granting a Rule 4(a)(6) motion. Second, on remand, the court should decide whether Woody's October 2020 and January 2021 motions can be read as Rule 60(b) motions for relief from the habeas judgment and, if so, whether Woody is entitled to that relief.

I.

Millanyo Woody was indicted and tried in 2013 for second-degree criminal sexual conduct with a minor and commission of a lewd act on a child. J.A. 191–194. Woody unsuccessfully challenged his conviction in state post-conviction proceedings. He alleged, among other things, ineffective assistance of counsel (IAC). J.A. 150. His IAC claim was premised on multiple alleged failures by counsel. *Id.*; J.A. 256. Only one of them is at issue here: counsel's failure to object to an expert's testimony, which Woody said constituted impermissible bolstering of the minor victim's testimony. J.A. 275.[1] The state post-conviction court held that the failure to object was not ineffective assistance of counsel. J.A. 180–90.

Woody then filed a § 2254 petition in federal district court. J.A. 9. The state moved for summary judgment. In its Report and Recommendation, the magistrate judge recommended denying the state's motion for summary judgment on the IAC claim. J.A. 280–84. The district court adopted the magistrate judge's analysis in part and rejected it in part. Nevertheless, because "reasonable jurists could debate whether the Petition should have been resolved in a different manner on this ground for relief," the district court issued a certificate of appealability, allowing Woody to appeal to our Court. J.A. 309 (citing

---

[1] Under South Carolina law, it is improper for any witness to "convey[] to the jury— directly or indirectly—that she believes the victim." *Briggs v. State*, 806 S.E.2d 713, 717 (S.C. 2017). In a previous habeas case, a district court held that the same expert witness had impermissibly bolstered the testimony of a victim. *Mangal v. Warden*, 2020 WL 42859 (D.S.C. Jan. 3, 2020), adopting Magistrate Judge's Report & Recommendation, *Mangal v. State*, 2019 WL 741668, at *4, 9 (D.S.C. Dec. 18, 2019). The petitioner was granted habeas relief. *Mangal*, 2020 WL 42859, at *2.

3

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)); 28 U.S.C. § 2253(c)(2) (certificate of appealability).

This is where the facts get messy. The district court issued that decision on June 19, 2020. J.A. 309. The district court docket shows that the order was placed in the mail that same day and sent to the facility where Woody was housed. J.A. 3 (Dkt. No. 31). According to the docket, though, Woody didn't respond to the opinion for roughly three months—an oddity given the frequency of his past correspondence.

As all this was happening, COVID-19 was spreading rapidly through the prison, and Woody was placed in quarantine. According to one of Woody's letters, he stayed there for six months—June through December of 2020—without access to the law library. J.A. 315.

The timeline and the exact wording of Woody's letters are integral to this case, so we recount both in detail below.

On September 7, 2020,[2] Woody filed a motion for appointment of counsel. J.A. 224–25. The warden filed a response in opposition to the motion on September 25, 2020. J.A. 236–38. Woody's motion read as follows:

> Mr. Millanyo Woody, a pro se litigant, respectfully moves this court to appoint Counsel pursuant to 18 U.S.C. § 3006A, to represent him in the 28 U.S.C. § 2255 proceedings. Woody filed a detailed § 2255 motion which was subsequently denied. He then proceed[ed] to the Circuit Court of Appeal seeking the issuance of a Certificate of Appealability, which is now granted. Having been granded [sic] the Authority to proceed, Mr. Millanyo Woody seek[s] the appointment of Counsel in light of Rules 6 and 8 governing

---

[2] The filing dates of Woody's motions are the dates on which he delivered his filings to prison authorities and not the dates on which those filings were mailed or received by the court. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988).

4

> § 2255 proceedings. This Court could and should appoint counsel to represent his interest[s].
>
> I'm seeking counsel on my habeas corpus. I was granded [sic] my certificate of appealability and I wasn't sure weather [sic] I needed to file motion for counsel or not. Please let me know if this is the respected way of filing motion to get my attorney; and what is my counsel's name.

J.A. 224–25. This letter is important for four reasons. First, it shows that Woody received the district court's order by September 7, 2020, at the latest. Second, according to the docket, this was Woody's first filing since receiving that order. But third, the letter itself suggests that this was *not* the first filing Woody made since receiving the district court's order. Specifically, it suggests that Woody filed another document with the Fourth Circuit ("He then proceed[ed] to the Circuit Court of Appeal seeking the issuance of a Certificate Appealability, which is now granted."). If Woody did file such a document, it never appeared on the docket of either court. Fourth, the letter shows that at this point, Woody was under the impression that his appeal was ongoing or, at least, that he was pursuing an appeal. The district court did not rule on the motion.

On September 9, 2020, Woody petitioned for bail. J.A. 228. The district court did not rule on the motion.

On October 6, 2020, Woody moved for what he called an "extension of time to reopen the time to file an appeal." J.A. 245–46. It read:

> I the moving party did not receive notice to appeal the judgment. The presiding Court failed to make known to me my right to appeal and/or Waiver of the same. I want to notify the Court that I have been behind a locked door and don't have access to the law library to assist myself in furthering my appeal. I fell under quarantine on Evans C.I. yard for months at a time that the Governor of South Carolina put a blanketed law on South Carolina, so I was never given any notice of anything to continue on my appeal.

5

> Do [sic] to the Covid 19 virus I wasn't given any proper notification on the exact dates when I was supposed to continue on my appeal. I have been argueing [sic] my innocence since Direct Appeal and I wish to continue my fight for my innocence. I would have never not appealed my case and file [sic] a I.F.P. to get a lawyer. I want to file a motion to the Court for an extension of time to reopen the time to file an appeal if the case is closed.

J.A. 245–46. The district court did not rule on this motion.

On December 12, 2020, having heard nothing from the district court at this point, Woody wrote to this Court, asking for an update on what was happening in his case. J.A. 315. According to the letter, Woody was being held in isolation and had been quarantined "for the last six months behind a locked door." *Id.* Woody again acknowledged receipt of the district court's order and the certificate of appealability and said he thought the certificate was "an automatic appeal on [his behalf] to the higher court." And again, he noted that the district court had yet to respond to any of his filings. *Id.* "My question to you is asking to see what can I do to help myself," he wrote. *Id.*

On January 7, 2021, we construed Woody's December letter as a notice of appeal. J.A. 316.

On January 22, 2021, Woody filed another letter with the district court. J.A. 247. Again, he noted that he was in quarantine and lacked access to the law library. *Id.* Notably, he did not acknowledge this Court's January 7, 2021, order construing his December 20, 2020, letter as a notice of appeal. This suggests that when he sent the January 22, 2021, letter to the district court, he hadn't yet received this Court's order. Again, the district court did not respond to the letter.

6

On January 27, 2021, Woody again came to this Court, this time petitioning for a writ of mandamus. J.A. 250–51. In the letter, he said that he had written three motions in September 2020. J.A. 250–51. Notably, the petition did not mention the January 7, 2021, order from this Court construing Woody's prior letter as a notice of appeal, suggesting that, as of January 27, Woody still had not received our January 7 order.

On April 27, 2021, this Court issued a per curiam order remanding the case to the district court. J.A. 310–11. We noted that Woody had filed a Rule 4(a)(6) motion that the district court had not ruled on. We therefore remanded "for the limited purpose" of allowing the district court to rule on Woody's Rule 4(a)(6) motion. We said that "[t]he record, as supplemented, will then be returned to this court for further consideration." *Id.*

One day later, without giving the parties the opportunity to submit additional evidence or present arguments, the district court issued an opinion and order denying Woody's Rule 4(a)(6) motion to reopen the appeal period. The April 28, 2021, order read:

> The record fails to show, and Petitioner does not allege, that he did not receive notice of the entry of judgment or order he seeks to appeal within 21 days after entry . . . The order granting summary judgment and entry of judgment were mailed to Petitioner's address on the same day. Petitioner did not notify the clerk of a change in his address after this date. In fact, Petitioner mailed multiple filings to the Court from this address after June 19, 2020. The record indicates that Petitioner received notice of the entry of judgment and order he seeks to appeal within 21 days after entry.

J.A. 312–14. Woody timely appealed the denial of his motion to reopen.

II.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a party file a notice of appeal within 30 days after the district court enters judgment (60 days if the United States

7

is a party). There are two exceptions to this rule. The first, Rule 4(a)(5), allows a litigant to move for an extension of the appeal period. The second exception, relevant here, is Rule 4(a)(6), which allows a litigant to move to reopen the time period. The district court can reopen the time to file an appeal for a period of 14 days, but only if three conditions are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Notice under Rule 4(a)(6)(A) requires receipt of notice—service of notice is not enough, though it does create a rebuttable presumption of receipt. *See Shuler v. Orangeburg Cnty. Sheriff's Dep't*, 71 F.4th 236, 243–46 (4th Cir. 2023). The moving party bears the burden of rebutting that presumption. *Id.* at 243.

If all three of these requirements have been met, we review a district court's *grant* of a motion to reopen for abuse of discretion. *Id.* at 242. We have not said in a published opinion whether the same standard applies for *denials* of motions to reopen, but we see no reason why it would not. *See Woods v. Att'y General of Maryland*, 523 Fed. App'x 241, 242 (4th Cir. 2013) (applying, in unpublished opinion, abuse-of-discretion standard to denial of 4(a)(6) motion); *see also In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992). Underlying legal questions, however, such as the correct standard to apply for each of the three

8

requirements, are always reviewed de novo. *See, e.g.*, *Monasky v. Taglieri*, 589 U.S. 68, 83–84 (2020).

Federal Rule of Civil Procedure 60(b) provides that, upon a motion, a district court can relieve a party from a previously entered judgment for one of six reasons, including excusable neglect, newly discovered evidence, and "any other reason that justifies relief." Though Rule 60(b) relief is unavailable "when the sole reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment," there is an exception: when a party shows "exceptional or unique circumstances." *Hensley v. Chesapeake & O. Ry. Co.*, 651 F.2d 226, 227–29 (4th Cir. 1981).

At issue in this case is whether the district court abused its discretion in applying Rule 4(a)(6) and whether, on remand, we should instruct the district court to consider in the first instance whether Woody filed a Rule 60(b) motion for relief from judgment.

III.

Motion to Reopen (Rule 4(a)(6))

We start with the Rule 4(a)(6) issue, which consists of two sub-issues. Did Woody receive notice of the district court's June 19, 2020, judgment only after July 10, 2020 (4(a)(6)(A))? And if Woody received notice only after July 10, 2020, did he file a motion to reconsider within fourteen days of receiving notice (4(a)(6)(B))?

A. Notice of Judgment (Rule 4(A)(6)(A))

The parties agree that Woody received notice of the certificate of appealability by at least September 7, 2020. That was the day he filed a motion to appoint counsel. In that

9

filing (included above), he said the district court had denied his habeas petition. J.A. 224–25. The district court's memorandum opinion denying the petition was the same document that granted Woody a certificate of appealability, and Woody also explicitly says that he has been granted a certificate of appealability. *Id.* The parties also agree that if Woody could show that he received notice only after July 10, then he would meet the first criteria of Rule 4(a)(6): not receiving notice of the order within 21 days after entry. Finally, the parties agree that we do not know the exact date on which Woody received notice. The parties disagree, however, about whether the district court abused its discretion by not figuring out that exact date before denying the motion to reopen.

Though the moving party bears the burden of demonstrating non-receipt, the presumption of receipt is not strong. *Shuler*, 71 F.4th at 245 (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995)). For that reason, the burden to rebut the presumption is not high. Indeed, we have said that a "specific factual denial" of receipt is enough. *Id.* (quoting *Nunley*, 52 F.3d at 793).[3] This low burden of rebuttal makes sense. As the Ninth Circuit has noted, "[n]on-receipt is difficult to prove conclusively." *Nunley*, 52 F.3d at 796. "A returned envelope or other indication of failed delivery is of course helpful, although undoubtedly not available in many cases." *Id.* So when a party says he has not received notice, the default rule that evidence of service of notice is evidence of

---

[3] Contrary to Appellee's argument, we have only said that a "specific factual denial" is *sufficient* to rebut the presumption of receipt—not that it is necessary to do so. *Shuler*, 71 F.4th at 245. Because we read Woody's filings as offering a "specific factual denial," we can resolve this case without addressing whether a such a denial is necessary to rebut a presumption of receipt. We leave that question for another day.

receipt of notice is rebutted. The district court cannot deny his Rule 4(a)(6) motion solely on the basis that notice was sent to the litigant.

The parties disagree about whether Woody offered a "specific factual denial" that he had received timely notice. Woody says he did, which means he rebutted the presumption of timely receipt, and the district court was required to conduct factfinding about when Woody received notice. The warden says Woody did not offer a "specific factual denial," so the presumption of receipt remained, and the district court was not required to conduct factfinding.

Of course, Woody *did* say that he did not receive notice. *See* J.A. 245 (Oct. 6th letter) ("I the moving party did not receive notice to appeal the judgment."). But he said this *after* acknowledging in his September 7th letter that he received the certificate of appealability, *i.e.*, notice. The question then is what, exactly, this statement meant. There are two possible interpretations: 1) Woody did not receive notice that would have *allowed him* to appeal the judgment, *i.e.* timely notice, or 2) Woody received notice in the form of a certificate of appealability but did not understand that this constituted notice of his right to appeal.

The warden advances the second interpretation: by October 6th, when Woody wrote that he "did not receive notice to appeal the judgment," he had in fact received notice—he just didn't realize it. We agree that this is a reasonable reading. But we think the first interpretation—that Woody did not receive notice that would have *allowed* him to appeal the judgment, *i.e.*, *timely* notice—is also plausible. And importantly, the two interpretations are not mutually exclusive. Woody could have both received the certificate

11

of appealability more than 21 days after it was issued *and* not understood (once he finally got it) that the certificate of appealability itself was not an "automatic appeal." J.A. 315. All of which is to say: there is more than one way to interpret this statement.

Whether a factual denial is sufficiently specific to rebut the presumption of timely notice will depend on context. A pro se litigant, especially an incarcerated pro se litigant who lacks access to legal resources, need not be especially specific. That's because we are required to construe pro se litigants' filings liberally and therefore interpret ambiguous statements in favor of those litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, that means reading Woody's statement to (at least possibly) mean that he did not receive notice *in time* to appeal the judgment and figuring out whether that claim is true. That factfinding might involve soliciting affidavits, prison mail logs, or anything else the district court might find probative. As a matter of law, however a district court cannot assume that service of timely notice means receipt of timely notice once the petitioner/plaintiff has rebutted that presumption through a specific factual denial. This is not to say that a denial by itself is sufficient to show that a petitioner has met the first prong of Rule 4(a)(6). But a district court cannot simply assume, post-rebuttal, that a filing has been received just because it was sent.

Indeed, that assumption would be particularly inappropriate here because we know that an order from this Court took at least 20 days to reach Woody. On January 27, 2021, Woody petitioned this Court for a writ of mandamus to instruct the district court to act on his filings. J.A. 250–51. But twenty days before, on January 7, 2021, we had said that a

12

previous letter from him counted as a notice of appeal. J.A. 316. Had Woody been aware of that, he presumably would have mentioned it in the letter or—instead of requesting action from the district court—simply filed his appeal. He did neither. It is reasonable to think that an order from the district court might not have reached Woody for at least 21 days, given that an order from this Court did not reach him for at least 20 days.

### B. Timely filing of motion to reopen ((4(a)(6)(B))

The warden claims that even if Woody did not receive the certificate of appealability within 21 days, and therefore meets Rule 4(a)(6)(A)'s requirement, Woody fails to meet one of Rule 4(a)(6)'s other requirements. Rule 4(a)(6)(B) says that a litigant must file his motion to reopen "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Woody received the district court's order by at least September 7, 2020, so he had until September 21, 2020, to file a motion to reopen. Woody concedes that the docket does not show any filing within that timeframe that was *styled* as a motion to reopen. Oral Arg. at 1:14:55–1:15:13. But he argues that we ought to construe his September 7 motion to appoint counsel as a motion to reopen.

This argument presents an issue of first impression. A filing that is the "functional equivalent" of a notice of appeal (*i.e.*, a motion to appoint counsel in the appeal) can be construed as a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248 (1992); *id.* ("While a notice of appeal must specifically indicate the litigant's intent to seek appellate review, the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts. Thus, the notice afforded by a document, not the litigant's

13

motivation in filing it, determines the document's sufficiency as a notice of appeal."). And we have previously treated late notices of appeal (which is what a September 7 notice of appeal would be) as motions to reopen, as have other circuits. *Sparks v. Russell*, 2022 WL 1711664 (4th Cir. May 27, 2022); *Parrish v. United States*, 827 Fed. App'x 327 (4th Cir. Oct. 23, 2020); *Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997); *United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011); *but see Poole v. Family Ct. of New Castle County*, 368 F.3d 263, 267 (3d Cir. 2004); *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017).

To our knowledge, this is the first time we have been asked to combine those rules to hold that a motion to appoint counsel can be construed as a motion to reopen. We need not decide today whether those rules can be stacked. The district court did not reach this issue because it held that Woody's motion to reopen was barred for a different reason. What's more, although the issue came up at oral argument, the briefing before us does not address it. On remand, if the district court finds that Woody received notice of the certificate of appealability more than 21 days after it was entered, the district court can resolve the rule-stacking question in the first instance. And if the district court finds that Woody did receive notice of the certificate of appealability within 21 days of its entry, the court need not reach this issue at all.

IV.

Finally, Woody asks that on remand, we also instruct the district court to grant him relief from the habeas judgment pursuant to Federal Rule of Civil Procedure 60(b). The

warden says that Woody never moved for Rule 60(b) relief below, so there is "nothing for this Court to review." Resp. Br. at 23. But Woody says that his October and January filings were, in effect, motions for relief from judgment. Opening Br. at 46–48. We understand that our initial remand was limited to the Rule 4(a)(6) issue; the district court therefore did not err or abuse its discretion by not considering other issues. But in the interest of judicial economy, on remand, the court must decide as a question of law whether either the October or January filings can be read as motions for relief from judgment, and if so, whether Woody's circumstances—being placed in confinement during the COVID-19 pandemic and denied access to the law library and the ability to pull up the docket in this case—are "exceptional or unique."

*VACATED AND REMANDED*